**James A. DISMUKE, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 87–8208.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1989.

Millard C. Farmer, Jr., August F. Siemon, Joseph M. Nursey, Atlanta, Ga., for petitioner-appellant.

Deborah G. Fowler, Asst. U.S. Atty., Macon, Ga., for respondent-appellee.

Before RONEY, Chief Judge, TJOFLAT, Circuit Judge, and PAUL *, District Judge.

PER CURIAM:

On August 18, 1986, James C. Dismuke, Jr., M.D., pled guilty to two counts of a 164–count superseding indictment charging dispensation of controlled substances not in the usual course of professional practice for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). Dr. Dismuke was sentenced on December 2, 1986, to two

* Honorable Maurice M. Paul, U.S. District Judge for the Northern District of Florida, sitting by designation.

years imprisonment, followed by five years probation, and a $50,000 fine on count one and $50,000 fine on count four. He appeals the district court's denial of his motion for an extension to file an out-of-time appeal and application for habeas corpus relief pursuant to 28 U.S.C. § 2255. 655 F.Supp. 1394 (M.D.Ga.1987). Appellant seeks to vacate his conviction and sentence as violative of Rule 11, Federal Rules of Criminal Procedure.

Fed.R.App.P. 4(b) provides that the district court may extend the time for filing a notice of appeal upon a showing of "excusable neglect." In his motion for an extension of time, Dismuke claimed his failure to file a timely notice of appeal was due to the fact his attorney told him he had no right to appeal. After a hearing, the district court denied the motion, holding that the defendant had not established excusable neglect.

As to this point, the question before us is whether the district court abused its discretion in so ruling. *Davis v. Page*, 618 F.2d 374 (5th Cir.1980), *cert. denied sub nom. Davis v. Gladstone*, 464 U.S. 1052, 104 S.Ct. 735, 79 L.Ed.2d 194 (1984). If the district court did abuse its discretion, then this court would treat the defendant's claim as if he had properly perfected his appeal. On the other hand, if the district court did not abuse its discretion, then the defendant's claims would be reviewed by this court pursuant to his motion for relief under 28 U.S.C. § 2255 (1982). All of this makes a difference because the scope of review is much narrower in the section 2255 context. On direct appeal, the guilty plea would be vacated automatically upon a finding that the trial court failed to address any of the rule's core concerns as occurred in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (any violation of old Rule 11 required automatic reversal). *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980) (old Rule 11 contained only constitutional minimums—the core concerns; new Rule 11 contains additional provisions not requiring automatic reversal on finding of error). On the other hand, on appeal from

denial of a section 2255 motion, the guilty plea would be vacated only upon a finding that the error would result in a "complete miscarriage of justice." *United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

■ This court does not have to decide the abuse-of-discretion question because Dismuke's argument that the district court violated Fed.R.Crim.P. 11 is meritless even under the more expansive scope of review applicable to direct appeals. Rule 11 requires the trial judge to inform the defendant of the nature of the charge to which the plea is offered and the consequences thereof, Fed.R.Crim.P. 11(c)(1), and to satisfy himself that there is a factual basis for the plea. Fed.R.Crim.P. 11(f). *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Defendant's claim as to the alleged Rule 11 violation is based on the district court's failure to inform him during the plea colloquy of the possibility he could raise a "good faith" defense to the charges if he were to proceed to trial. Such a failure does not even violate the technical requirements of Rule 11. Nothing in Rule 11 requires the trial judge to inform the defendant of every possible defense he may have.

■ Addressing the ineffective assistance of counsel claim raised by the defendant in his section 2255 motion, the defendant claims that his attorney never informed him of the existence of a "good faith" defense to the charges. However, based on the testimony adduced at the evidentiary hearing, the district court specifically found that the defense attorney had spent many hours researching the case and that the defendant had been made aware of the good faith defense as it applied to his case. Such a finding can be disturbed by this court only if clearly erroneous. *United States v. Dayton*, 604 F.2d 931, 940 (5th Cir.1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). No such finding can be made under the record before us. The record amply supports the findings of the district court that the defendant was apprised by his counsel of the

nature of the charges against him and any available defenses and that the defendant's present complaints are as a result of his surprise and disappointment in having been sentenced to a period of incarceration rather than to probation.

AFFIRMED.