[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11439
Non-Argument Calendar

_____

D. C. Docket No. 02-00011-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASPER FRANKLIN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 15, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In 2002, Casper Franklin Brown pled guilty to possession with intent to

distribute 5 or more grams of crack, in violation of 21 U.S.C. § 841(a)(1). Over three years later, Brown filed a motion to file a direct appeal out of time, which the district court denied. After review, we affirm the district court's denial of Brown's motion.

## I. BACKGROUND

After Brown pled guilty, the district court sentenced Brown to 200 months' imprisonment and 5 years' supervised release and entered the judgment on July 10, 2002. After pronouncing the sentence, the district court advised Brown that he had ten days to file an appeal, and Brown responded that he understood. However, Brown did not file a direct appeal.

Three and a half years later, on January 10, 2006, Brown filed a "Motion pursuant to Title 18 U.S.C. § 3742(a)(1)," in which he argued that he had received ineffective assistance of counsel when his trial attorney failed to file a notice of appeal as Brown requested. Brown did not explain why he had waited over three years to file this motion.

The district court transmitted the motion to this Court. In turn, this Court construed the motion as a motion for an out-of-time appeal and returned it to the district court because Federal Rule of Appellate Procedure 4(b)(4) provides that only the district court may grant an out-of-time appeal. The district court entered

an order denying Brown's motion, finding that Brown had "not established sufficient reasons for seeking to file an appeal more than three and one-half years after he was sentenced." This appeal followed.

## II. DISCUSSION

Ordinarily, a criminal defendant must file a notice of appeal within ten days of the final judgment, as proscribed by Rule 4 of the Federal Rules of Appellate Procedure. Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). This requirement is "jurisdictional and strictly applied." Phillips, 225 F.3d at 1200. However, under Rule 4(b), upon a finding of excusable neglect or good cause, the district court may extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)." Fed. R. App. P. 4(b)(4); see also Dismuke v. United States, 864 F.2d 106, 107 (11th Cir. 1989). We review for abuse of discretion the denial of a Rule 4(b) motion for leave to file an out-of-time appeal. Dismuke, 864 F.2d at 107.

Upon review of the record and the parties' briefs, we discern no reversible error. The district court concluded that Brown had not "established sufficient reasons for seeking to file an appeal more than three and one-half years after he was sentenced." This determination was not an abuse of discretion given that

3

Brown failed to give any explanation as to why he waited until January 10, 2006 to file his motion when he was sentenced on July 9, 2002. Brown was fully informed at sentencing that he had ten days to file a notice of appeal, and, by his own admission, requested that his trial counsel do so after the sentencing. Brown offered no basis for finding that his three and one-half year delay in filing his Rule 4(b) motion was due to excusable neglect or that good cause exists to permit him to file an out-of-time appeal.

Furthermore, Rule 4(b)(4) prohibits a district court from extending the time for filing a notice of appeal more than thirty days beyond Rule 4(b)'s ten-day deadline. See United States v. Grant, 256 F.3d 1146, 1150-51 (11th Cir. 2001) (finding that defendant's second notice of appeal was filed outside the 30-day window of Rule 4(b)(4)). Brown sought to file his notice of appeal well beyond this thirty-day period. The district court entered Brown's judgment on July 10, 2002. See Fed. R. App. P. 4(b)(6). Under Rule 4(b)(1)(A)(i) and Rule 26(a), a notice of appeal was due to be filed on July 24, 2002. Under Rule 4(b)(4), given the proper circumstances, the district court was authorized to extend that deadline to August 23, 2002, but no further. Therefore, the district court did not abuse its discretion in denying Brown's Rule 4(b) motion filed on January 10, 2006.

Finally, we note that Brown does allege in his motion that his counsel was

4

ineffective for not filing a direct appeal. Alternatively, even if we were to construe Brown's motion as a motion brought pursuant to 28 U.S.C. § 2255, this does not change the result. The one-year period for filing a § 2255 motion had expired by January 10, 2006, and Brown set forth no facts which would arguably toll the limitations period. See 28 U.S.C. § 2244(d)(1), (2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding that equitable tolling of § 2244(d)'s one-year limitations period requires "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence," which means more than a "garden variety claim of excusable neglect" (quotation marks omitted)).

For all of these reasons, we affirm the district court's denial of Brown's motion.

**AFFIRMED.**