[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

No. 07-11487
Non-Argument Calendar

_____

D. C. Docket No. 06-00325-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EUGENE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 5, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant David Eugene Lee appeals his conviction and sentence for

possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). On appeal Lee raises five issues: (1) whether his guilty plea was unknowingly and involuntarily entered; (2) whether the alleged failure of both the government and the district court to comply strictly with 21 U.S.C. § 851 requires reversal; (3) whether the cumulative effect of the errors alleged in Issues 1-2 warrants reversal; (4) whether the district court violated his Eighth Amendment rights in enhancing his sentence under § 841 and § 851; and (5) whether § 841 and § 851 are unconstitutional.

## I.      Lee's Guilty Plea

Because Lee made no objection that his plea proceedings were inadequate, we review his arguments that his guilty plea was invalid for plain error only. *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir.), *cert. denied*, 128 S. Ct. 257 (2007). Under this standard, there must be an error that is plain and that affects substantial rights. *United States v. Vance*, 494 F.3d 985, 993 (11th Cir. 2007) (internal quotations and citations omitted). Accordingly, in order to prevail, Lee must show a reasonable probability that, but for the alleged errors, he would not have entered the plea. *Evans*, 478 F.3d at1338.

## A.     Statute of limitations waiver

Lee argues first that the magistrate judge erred by failing to inform him that he had the right to require the government to prove to a jury that the statute of limitations had not expired, and failing to correct his lawyer's misapprehension that there was no "good faith basis" for asserting a statute of limitations defense.

A court's violation of Federal Rules of Criminal Procedure 11 constitutes plain error only where the court totally fails to address one of the rule's three core objectives, identified by us as: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *Gordon v. United States*, 496 F.3d 1270, 1278 (11th Cir. 2007) (internal quotations and citation omitted).  Further, we have held that a district court's failure to inform a defendant during the plea colloquy that he could raise a "good faith" defense to the charges if he were to proceed to trial does not violate Rule 11, as nothing in Rule 11 requires the trial judge to inform the defendant of every possible defense that he may have.  *Dismuke v. United States*, 864 F.2d 106, 107 (11th Cir. 1989).

It is clear to us from the plea colloquy that Lee knowingly and voluntarily pled guilty.

3

**B. Ineffective assistance of counsel**

Lee next contends that he was denied effective assistance of counsel, and his trial attorney's deficient performance rendered his plea unknowing and involuntary. Specifically, he argues that his defense counsel provided him with "patently erroneous advice" in advising him that she had no good faith basis for mounting a statute of limitations defense, and failed to evaluate fully the limited waiver of appeal as it related to the facts of his case.

"We will not consider an ineffective assistance of counsel claim that is raised for the first time on direct appeal where there has been an insufficient opportunity to develop the record with regard to the merits of the claim." *United States v. Garcia-Jaimes*, 484 F.3d 1311, 1321 (11th Cir.), *petition for cert. filed*, (Jun. 11, 2007) (No. 06-11863).

Because there is insufficient evidence in the record concerning whether Lee's trial counsel misadvised him regarding his statute of limitations defense and failed to evaluate the limited waiver of appeal as it related to the facts of his case, we decline to address the merits of these claims. *See id.*

**C. The Plea Agreement**

Lee argues also that the plea agreement was ambiguous and contained contradictory and incorrect statements regarding the sentencing consequences of

his plea.

"Any ambiguities in the terms of a [plea] agreement should be resolved in favor of the criminal defendant." *United States v. Pielago*, 135 F.3d 703, 709-710 (11th Cir. 1998). Where the language of the agreement is ambiguous, extrinsic evidence of the parties' intent may be considered to interpret the agreement. *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004).

The plea agreement at issue here does not appear to be ambiguous. Moreover, Lee stated under oath that he was aware that he faced a statutory minimum penalty of life imprisonment, and understood that the sentencing court had no authority to sentence him below the mandatory minimum unless the government elected, in its sole discretion, to file a motion recognizing his substantial assistance.

**II. Compliance with 21 U.S.C. § 851**

**A.    Sufficiency of the information under § 851(a)**

Lee argues that the information filed by the government failed to comply strictly with the requirements of § 851(a) and, because the government's compliance with § 851(a) is jurisdictional, the district court lacked jurisdiction to impose the enhanced penalty.

Lee failed to challenge the sufficiency of the information below, and

5

therefore, we ordinarily would  review his arguments for plain error only. *See United States v. Taylor*, 417 F.3d 1176, 1183 (11th Cir. 2005).  Lee argues, however, that his challenge to the sufficiency of the information should be reviewed *de novo* because the sufficiency of the information is jurisdictional, and jurisdiction may be challenged at any time.  We need not resolve the question of which standard of review is appropriate here, however, because the district court's jurisdiction to enhance Lee's sentence under § 851 was proper even applying the more demanding standard of *de novo* review.

To obtain a sentence enhancement under § 841, the government must comply with the notice requirement of § 851(a)(1), which provides that an enhancement based on prior convictions may not be imposed "unless before trial,. . .the United States attorney files an information with the court (and  serves a copy of such information on the [defendant] or counsel for the [defendant]) stating in writing the previous convictions to be relied upon."  *United States v. Rutherford*, 175 F.3d  899, 903 (11th Cir. 1999) (quoting 21 U.S.C. § 851(a)(1)).

Although the information here contained the incorrect date of one of Lee's convictions, and misidentified the title of the U.S. Code under which the enhancement was sought, it stated with specificity the previous convictions relied upon by the government in seeking an enhancement.  Accordingly, we conclude

6

that the district court had jurisdiction to enhance Lee's sentence under § 851.

**B.      District court's compliance with § 851(b)**

Lee further asserts that the district court's failure to conduct the required § 851(b) colloquy, by asking him whether he affirmed or denied the prior convictions, and warning him that any challenge to a prior conviction not raised prior to the imposition of sentence may not be raised later to attack the sentence, requires reversal.

Section 851(b) provides that, if the government files an information under this section, the court shall, before imposing sentence, inquire of the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).  We have held that "[a] trial court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990) (internal quotations and citation omitted).  Section § 851(e) precludes a defendant from challenging the validity of any prior conviction alleged under § 851 that occurred more than five years before the date of the information alleging the  prior

conviction. 21 U.S.C. § 851(e).

The record demonstrates that the magistrate judge did not make the inquiries as described in § 851(b). Nevertheless, the information shows that the convictions on which Lee's enhancement was based, possession of cocaine in 1987, and possession of cocaine with intent to sell in 1994, were well over five years old, and therefore not subject to challenge under § 851(e).

### III. Cumulative Effect of Alleged Errors

Lee argues that the above errors, when combined, violate the concepts of fundamental fairness and due process of the law, and require reversal.

We review the cumulative impact of multiple errors *de novo*, although some of the errors might individually be reviewed for plain error. *United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007). Reversal of a conviction may be warranted where the cumulative effect of multiple errors is so prejudicial that a defendant was deprived of the right to a fair trial, even though the errors considered individually were harmless. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005).

Because, as we discussed infra, the district court did not make a series of cumulative errors, Lee's cumulative effect argument necessarily fails.

### IV. Eighth Amendment

8

Lee next maintains that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because §§ 841 and 851 allow for arbitrary application of the mandatory life sentence enhancement, in that the decision whether to seek an enhanced sentence "depends on the whim of the prosecutor in the defendant's individual case."

Because Lee's sentence is affirmable under either plain error or *de novo* review, we need not decide whether Lee adequately preserved his Eighth Amendment challenge below. Not only is there no precedent from this court or the Supreme Court establishing the proposition that Lee advances on appeal, that mandatory life sentences constitute cruel and unusual punishment, both this court and the Supreme Court have held that mandatory life sentences do not violate the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 994, 95 111 S. Ct. 2680, 2701 (1991); *see United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992). Accordingly, we conclude that the district court committed no error, plain or otherwise, when it sentenced Lee to a mandatory term of life imprisonment.

**V. Constitutionality of 21 U.S.C. § 841 and 851**

Lee raises the following constitutional challenges to the district court's sentence enhancement for the first time on appeal, and therefore, our review is for plain error only. *See United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir.), *cert.*

9

*denied*, 128 S. Ct. 398 (2007).

**A. Fifth and Sixth Amendment Claims**

Lee first argues that § 841 and § 851 violate the Fifth and Sixth Amendments by allowing for enhanced penalties based upon prior convictions that are neither alleged in the indictment nor proven to a jury beyond a reasonable doubt.

"In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 [ ] (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). We consistently have stated that "we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).

The district court therefore committed no constitutional error when it enhanced Lee's sentence based on prior qualifying convictions that were not listed in the indictment.

**B.     Separation of Powers Doctrine**

Lee argues additionally that, by subjecting enhancements to prosecutorial

10

discretion, and depriving district courts of the ability to impose any other sentence absent further action by the prosecutor, §§ 841 and 851 give prosecutors the power to alter the penalty attached to a particular offense, and therefore unlawfully delegate the judicial function of sentencing to the executive branch.

We have held that the discretion conferred upon a prosecutor under § 851 to determine whether a particular defendant will be subject to the statutory maximum "is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." *United States v. Cespedes*, 151 F.3d 1329, 1333 (11th Cir. 1998) (quoting *United States v. LaBonte*, 520 U.S. 751, 117 S. Ct. 1673 (1997)).

In light of our established precedent, we conclude that the district court did not plainly err in enhancing Lee's sentence under § 841 and § 851. For the above-stated reasons, we affirm Lee's conviction and sentence.

**AFFIRMED.**