[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11203
Non-Argument Calendar

_____

D. C. Docket No. 87-00286-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CHARLES JACKSON,
a.k.a. Al Capone,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 10, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Willie Charles Jackson appeals his sentence of imprisonment for 36 months

for violating the terms of his supervised release. We affirm.

## I. BACKGROUND

Jackson pleaded guilty in March 1988 to possession with intent to distribute cocaine. 21 U.S.C. § 841(a)(1). The district court sentenced Jackson to imprisonment for 10 years, followed by supervised release for four years. Jackson completed his federal sentence of imprisonment, served a state sentence of imprisonment for four years, and then began to serve his term of federal supervised release in February 2002.

In November 2004, Jackson pleaded guilty to four new offenses in a Florida state court. Jackson did not notify his probation officer about the new offenses. In December 2004, the probation officer filed a petition to modify or revoke Jackson's supervised release that alleged Jackson had violated the terms of his release when he was convicted of four new crimes and failed to report that he had been questioned by law enforcement.

Jackson admitted the violations during a revocation hearing. When he argued what sentence would be appropriate, Jackson alleged that the state court had informed him that his state sentence would run concurrent with any federal sentence and asked the district court to sentence him to time served in state custody. In the alternative, Jackson asked the district court to sentence him to

2

imprisonment for one year and one day. The probation officer explained to the district court that Jackson had consistently refused to comply with the terms of his supervised release and asked the district court to impose a lengthy prison sentence. The government stated that the district court was not bound by the Sentencing Guidelines because Jackson committed the underlying crime before the effective date of the Sentencing Reform Act, and the government asked the district court, in the light of Jackson's failure to abide by the law, to sentence Jackson to the maximum sentence of imprisonment for three years.

The district court told Jackson that he would serve time in prison and imposed a sentence of imprisonment for three years. The district court recommended to Jackson, who was 51 years old, that he obtain vocational training to prepare him for a lawful career when he completed his sentence around the age of 55. Jackson objected to the sentence as "greater than necessary under 3553(a)" and stated that "there's something very unclear about the law in this situation[.]"

## II. STANDARD OF REVIEW

Objections or arguments that are not raised in the district court are reviewed for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir.), cert. denied, 128 S. Ct. 257 (2007). To satisfy that standard, a defendant must establish an error, that is plain, and that affects substantial rights. Id. We then may exercise

3

our discretion to recognize the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (alteration in original).

### III. DISCUSSION

Jackson presents two arguments on appeal. First, he argues that, because he committed his initial offense before the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Tit. II, ch. II, 98 Stat. 1987, the district court lacked the authority to sentence him to a term of imprisonment. Second, Jackson argues that his sentence should be vacated and remanded because the district court was ambiguous as to whether it intended to give him credit for time served on a state sentence for the crimes underlying the revocation of his supervised release.

Jackson did not argue in the district court that the court lacked the authority to impose a term of imprisonment for Jackson's admitted violations of the conditions of his supervised release. To preserve an objection, a defendant must articulate a specific objection in clear and simple language, so that the district court will not misunderstand it. United States v. Zinn, 321 F.3d 1084, 1087–88 (11th Cir. 2003). The closest Jackson came to preserving an objection came after the district court imposed Jackson's sentence. Jackson's counsel uttered the following equivocal and unintelligible remark:

> Yes, Your Honor. And so if I could just lodge an objection in case

4

some further research reveals that that be – went above because 3583 went on the books and in effect – an effective date until after Mr. Jackson's offense. So, if I could just preserve that objection for the record, I'd appreciate that.

Jackson's counsel never stated in clear and simple language that the district court lacked the authority to impose any term of imprisonment. Jackson instead urged the district court, before it imposed the sentence, to sentence him to time served for his state sentence or, alternatively, to a year and a day.

To review Jackson's objection for plain error, we must interpret the statute Jackson violated and consider its relation to the Sentencing Reform Act. Congress passed the Sentencing Reform Act in 1984, but the Act did not go into effect until November 1, 1987. Gozlon-Peretz v. United States, 498 U.S. 395, 401 n.4, 111 S. Ct. 840, 844, n.4 (1991). In that Act, Congress eliminated parole and replaced it with a new system of supervised release. Id. at 400, 111 S. Ct. at 844. After the enactment of the Sentencing Reform Act, but before its effective date, Congress passed the Anti-Drug Abuse Act, Pub. L. No. 99-570, 100 Stat. 3207, which became effective upon its enactment on October 27, 1986. Id. at 398–99, 111 S. Ct. at 843–44.

Jackson violated the Anti-Drug Abuse Act, which required a sentencing

court to impose a term of supervised release for those who violated its provisions. Id. at 402–03, 111 S. Ct. at 845–46. Although the Sentencing Reform Act was not in effect when the Anti-Drug Abuse Act was enacted, the Supreme Court has held that Congress intended the provisions of the Anti-Drug Abuse Act relating to supervised release to be interpreted in the light of the provisions of the Sentencing Reform Act for imposing and revoking supervised release. Id. at 407–08, 111 S. Ct. at 848–49. In October 1986, when it passed the Anti-Drug Abuse Act, Congress had provided in the Sentencing Reform Act for the imposition of a prison sentence upon the revocation of supervised release. See Pub. L. No. 99-570, 100 Stat. 3207, § 1006(a)(3)(D) (amending 18 U.S.C. § 3583(e)(3)).

Jackson's argument that the district court plainly erred by sentencing him to a term of imprisonment fails. When Jackson committed his initial offense, the Anti-Drug Abuse Act, which required the imposition of a term of supervised release, already had become effective. See Gozlon-Peretz, 498 U.S. at 398–99, 111 S. Ct. at 843–44. To determine the penalty for Jackson's violation of the conditions of his supervised release, the district court had to look to the Sentencing Reform Act. See id. at 407–08, 111 S. Ct. at 848–49. Because the Sentencing Reform Act provided for imprisonment as the penalty for violating conditions of supervised release, the district court did not plainly err by sentencing Jackson to a

6

term of imprisonment. Jackson cites no authority to the contrary; his argument fails.

Jackson's second argument also fails. The transcript of Jackson's sentencing hearing establishes that the district court was not ambiguous; the district court intended that Jackson should receive credit only for the time he had been detained in federal custody before the revocation hearing. The court explained that Jackson would be spending a few years in federal prison. The district court clearly did not intend for Jackson to receive credit for the years that he had served in state custody.

## IV. CONCLUSION

Jackson's sentence is **AFFIRMED**.