[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10872
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20948-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSPINO LUIS CHAMARRO-BRITTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2008)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Ospino Luis Chamarro-Britton appeals his conviction

for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After review, we affirm.

On appeal, Chamarro-Britton argues that his guilty plea is invalid because, during the plea colloquy, the district court failed to advise him of certain rights as required by Federal Rule of Criminal Procedure 11. Because Chamarro-Britton raises this issue for the first time on appeal, we review the validity of his guilty plea for plain error. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. If a defendant meets all three of these conditions, we may exercise our discretion to recognize the error "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted). "Furthermore, 'a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.'" United States v. Evans, 478 F.3d 1332, 1338 (11th Cir.), cert. denied, __ U.S. __, 128 S. Ct. 257 (2007) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004)). "A defendant must thus satisfy the judgment of the reviewing

court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." Dominguez Benitez, 542 U.S. at 83, 124 S. Ct. at 2340 (quotation marks omitted).

Chamarro-Britton claims that the district court wholly failed to advise him that the government could use any false statements he made against him in a perjury prosecution and of his rights to persist in a plea of not guilty, to be protected against self-incrimination, and to have an attorney appointed at trial and every stage of the proceedings.[1] However, the district court did inform Chamarro-Britton that he was "under oath subject to the penalty of perjury if you lie." Further, as to the right to plead not guilty, the district court thoroughly questioned Chamarro-Britton as to whether he wanted to plead guilty and understood what a guilty plea meant, advised him that he could go to trial and make the prosecutor prove the crime, and told him that he should plead guilty only if he believed he was guilty and understood the crime to which he was pleading. The district court also informed Chamarro-Britton of his right to be protected against self-incrimination by explaining that, in pleading guilty, he was giving up his right to remain silent and that he had a right to plead not guilty. As to appointed counsel, Chamarro-Britton had appointed counsel during the plea colloquy and the district court

---

[1]Chamarro-Britton also contends the plea colloquy was defective as to its explanation of restitution, but no restitution was ordered in any event.

3

informed Chamarro-Britton that a guilty plea meant he was giving up his right to have a lawyer try his case.

Although the plea colloquy could have been somewhat better, Chamarro-Britton cannot show that the district court failed to satisfy Rule 11's three core concerns. A district court accepting a guilty plea must comply with Rule 11 and address the three core concerns that: (1) the guilty plea is voluntary; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his plea. Moriarty, 429 F.3d at 1019. However, "[t]his Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003). Chamarro-Britton argues only that he did not appreciate the consequences of his plea. However, our review of the record assures us that the district court adequately satisfied this and the other core concerns outlined in Moriarty and Monroe. For example, as to his understanding of the consequences of his plea, Chamarro-Britton acknowledged he understood that by pleading guilty, he was giving up his right to go to trial and the rights attendant to trial, and that once he pled guilty he could not withdraw his guilty plea even if he did not like his sentence. Chamarro-Britton was also aware of the sentencing procedures and

possible punishment, including the mandatory minimum and potential maximum sentences.

Moreover, even assuming arguendo that there was a Rule 11 error that was plain, a defendant is required to show a reasonable probability that, but for the error, he would not have entered the plea. See Evans, 478 F.3d at 1338. Here, Chamarro-Britton has not alleged, much less shown, that, but for the district court's alleged errors, he would not have pled guilty. Instead, Chamarro-Britton asks that this Court vacate the judgment and remand the case so that he may replead or go to trial by jury. Nothing in the record demonstrates the probability of a different result that would undermine our confidence in the outcome of the proceeding.[2]

Finally, Chamarro-Britton's brief argues that his plea and sentence appeal waiver are invalid because the district court failed to explain adequately the appeal waiver in the plea agreement. We disagree because the district court explained

---

[2]Under plain error review, we also reject Chamarro-Britton's claim as to the district court's alleged failure to administer an oath to the interpreter. The record is unclear as to whether Chamarro-Britton pled guilty in English or in Spanish, whether the interpreter was used, and whether the district court administered an oath to the interpreter. At any rate, Chamarro-Britton cannot demonstrate prejudice on this basis. Chamarro-Britton's brief makes no claim that the interpreter was inaccurate, that Chamarro-Britton had any language difficulties during the plea colloquy, or that Chamarro-Britton would have pled differently if the oath had been administered. See United States v. Pluta, 176 F.3d 43, 52 (2d Cir. 1999) (concluding that the failure to administer an oath to the interpreter was not plain error because the defendant failed to identify any interpretation errors or show prejudice).

how the sentencing guidelines work and what Chamarro-Britton could be sentenced to, and informed Chamarro-Britton that in pleading guilty he was giving up the right to appeal. Chamarro-Britton responded that he understood he was giving up his right to appeal and he still wanted to plead guilty. In any event, Chamarro-Britton does not raise any error as to the advisory guidelines calculation or as to the imposition of his 37-month sentence.

For all of these reasons, we affirm Chamarro-Britton's conviction and sentence.

**AFFIRMED.**