[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14819
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20157-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Delgado appeals the 120-month sentence imposed following his

conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). Delgado argues that the district court erroneously concluded that he qualified as a career offender under U.S.S.G. § 4B1.1 because the documents that identified his predicate convictions were unreliable. After a thorough review of the record, we affirm.

Delgado pleaded guilty without a written plea agreement to one count of bank robbery. The probation officer prepared a presentence investigation report (PSI), which identified Delgado as a career offender under U.S.S.G. § 4B1.1(a) based on his 2001 and 2002 robbery convictions in Puerto Rico. As a career offender, Delgado's advisory guideline range was 151 to 188 months' imprisonment.

At sentencing, Delgado argued that he did not have two predicate offenses for career-offender status because the 2001 and 2002 convictions had been consolidated when he was resentenced in both cases. The government submitted certified copies of the convictions from Puerto Rico. These documents indicated that Delgado had been convicted and sentenced on multiple charges in 2001 and convicted and sentenced on multiple charges in 2002. The sentences were consolidated and term of imprisonment was reduced in a single judgment in 2003. The parties and the court agreed that these documents were confusing, but the government argued that although there were "some procedural irregularities,"

2

there were two separate convictions. According to the government, the fact that the sentences were later consolidated and reduced did not consolidate them for career-offender purposes.

The court found that the 2001 and 2002 convictions were separate predicate offenses and thus Delgado qualified as a career offender. Nevertheless, considering the sentencing factors under 18 U.S.C. § 3553(a), the court varied downward and sentenced Delgado to 120 months' imprisonment. Delgado now appeals, arguing that the certified copies of his convictions in Puerto Rico were unreliable and thus that the court erred in finding he was a career offender.[1]

Ordinarily, "[w]e review *de novo* a district court's decision to classify a defendant as a career offender." *United States v. Shannon*, 631 F.3d 1187, 1188 n.1 (11th Cir. 2011). But we review objections or arguments not raised in the district court only for plain error.[2] *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007). Under plain error review, we reverse only if there is

_____

[1] Delgado does not argue that he did not commit the robberies. Nor does he dispute that the crime of robbery is a predicate offense.

[2] At sentencing, Delgado challenged his classification as a career offender on the ground that there was only one conviction because the two cases were consolidated for resentencing. Because he objected before the district court based on a different legal theory than the one raised on appeal, we conclude that he failed to preserve the issue he now raises. *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).

(1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *Id.* If these three factors exist, we will exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

> Under U.S.S.G. § 4B1.1(a),
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* As the guidelines explain, robbery is a "crime of violence." U.S.S.G. § 4B1.2, comment. (n.1). And Delgado was at least eighteen years old at the time he committed this bank robbery. Thus, the only issue before us is whether there was sufficient proof that Delgado had two prior convictions for crimes of violence.

The government must prove the facts relevant to sentencing determinations by a preponderance of the evidence. *United States v. Gay*, 251 F.3d 950, 953 (11th Cir. 2001). "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Docampo*, 573 F.3d 1091, 1098 (11th Cir. 2009) (quoting

4

U.S.S.G. § 6A1.3(a)).  In general, to establish prior convictions, "the best approach" is to  produce a certified copy of the conviction.  *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999).

Because Delgado failed to challenge the reliability of the documents before the district court, we review Delgado's argument for plain error.  After reviewing the record, we conclude that the documents had sufficient indicia of reliability to support their probable accuracy.  *See Docampo*, 573 F.3d at 1098.  The government supplied certified copies of the convictions along with English translations.  *Wilson*, 183 F.3d at 1301.  These documents were sufficient to establish that Delgado had two prior convictions and that he qualified as a career offender.  Accordingly, there was no error, and we affirm Delgado's sentence.

**AFFIRMED.**