[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15824
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00154-SLB-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON LAMAR DODD,
a.k.a. Cliff Dodd,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 12, 2014)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Clifton Dodd appeals his convictions for one count of conveying false information and perpetuating a hoax, in violation of 18 U.S.C. § 1038(a)(1)(A), three counts of mailing threatening communications with the intent to extort, in

violation of 18 U.S.C. § 876(b), and three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c).  On appeal, Dodd argues that the evidence presented at trial was not sufficient to support his convictions because he did not author the letters in question, the government did not present any evidence as to his violent propensity, and the intended recipients never received the communications.  After careful review, we affirm.

We generally review de novo whether the evidence was sufficient to sustain a conviction, viewing the evidence in the light most favorable to the government and resolving all factual inferences in favor of the verdict.  United States v. Jiminez, 564 F.3d 1280, 1284 (11th Cir. 2009).  Arguments raised for the first time on appeal, however, are reviewed for plain error.  See United States v. Hunerlach, 197 F.3d 1059, 1068-69 (11th Cir. 1999) (noting that plain-error review applies even when a defendant moved for judgment of acquittal on sufficiency of the evidence grounds but failed to articulate at that time the specific sufficiency of the evidence claim later raised on appeal).  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  Before an error is subject to reversal under the plain-error rule,

it must be plain under controlling precedent or the unequivocally clear words of a statute or rule.  United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

Sending an anthrax hoax letter is a violation of 18 U.S.C. § 1038(a)(1), which provides, in relevant part, that:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [various U.S. Code sections, including those criminalizing the use of biological, chemical, or nuclear weapons,] shall be fined . . . or imprisoned not more than 5 years, or both [if death or serious bodily injury does not result].

See United States v. Evans, 478 F.3d 1332, 1344 & n.14 (11th Cir. 2007).  Mailing threatening communications, in turn, is a violation of 18 U.S.C. § 876(b):

> Whoever, with intent to extort from any person any money or other thing of value, so deposits, or causes to be delivered, as aforesaid, any communication containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than twenty years, or both.

Section 876(c) further provides, in relevant part, that:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

For a conviction under § 876(b) or (c), the government must prove only that the communication contain a threat, not that the defendant had a violent propensity. See 18 U.S.C. § 876(b), (c).  Neither section requires that the intended recipient

3

actually receive the communication or that the defendant authored the communications. See id. The government only needs to prove that the defendant deposited the communications in the mail or caused them to be delivered, not that the intended recipients received them. Id.

A defendant's own testimony, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. Jiminez, 564 F.3d at 1285. Also, a jury is free to choose among alternative, reasonable interpretations of the evidence. United States v. Tampas, 493 F.3d 1291, 1298 (11th Cir. 2007).

Here, because Dodd's renewed motion for judgment of acquittal did not make the arguments he presents on appeal, we review for plain error, and Dodd is unable to show any error, much less error that was "plain." As for Count 1, the evidence was sufficient for a jury to find that Dodd engaged in conduct with intent to convey false or misleading information under circumstances that may reasonably be believed and that indicate that he violated a statute criminalizing the use of biological weapons. As for Counts 2 through 7, the evidence was sufficient for a jury to find that Dodd deposited threatening communications in the mail, some with the intent to extort, in violation of 18 U.S.C. § 876(b) and (c).

Among other things, the evidence at trial showed that a letter containing white powder was sent to the Criminal Justice Building in Birmingham. Haley Elliott, a forensic analyst, testified that the letter containing the white powder as

4

well as the letters and the card in the manila envelope at issue in Counts 2 through 6 were written by the same person. Elliott also testified that there were indications that the letter to former state legislator and judge Jim Preuitt (at issue in Count 7) was written by the same person. The government further introduced forensic testimony from Craig Hellmann that Dodd's fingerprints were found on the four letters at issue in Counts 2 through 5, the three envelopes at issue in Counts 2, 4, and 5, and the manila envelope at issue in Counts 2 through 6. Additionally, two witnesses, Shannon Williams and Brian Lindsey, testified that Dodd admitted to writing some of the letters. Moreover, Dodd testified and specifically denied writing all of the letters. The jury was free to disbelieve Dodd's testimony and find that he sent the anthrax hoax letter, wrote the threatening communications, and deposited them in the mail. Accordingly, we affirm.

**AFFIRMED**.