[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13633
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60055-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICA JACOVIA BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 15, 2015)

Before WILSON, WILLIAM PRYOR, and JORDON, Circuit Judges.

PER CURIAM:

Erica Jacovia Bryant (Bryant) appeals her jury conviction for presenting false claims in violation of 18 U.S.C. § 287 and the district court's imposition of a twenty-seven-month prison sentence therefor.  Upon review of the parties' briefs and the record on appeal, we affirm Bryant's conviction and sentence for the reasons set forth herein.

## I.

Bryant first argues that the district court abused its discretion when it excused a juror for cause over Bryant's objection (1) because the juror said that she could be fair and would be able to set aside a painful experience she had had with fraudulent documents and (2) because the circumstances did not warrant her dismissal.

A district court may excuse a juror and replace her with an alternate if, prior to deliberations, the juror is "unable to perform" or "disqualified from performing" her duties.  Fed. R. Crim. P. 24(c)(1); *see also United States v. Fajardo*, 787 F.2d 1523, 1525 (11th Cir. 1986).  "The decision to remove a juror and replace [her] with an alternate is entrusted to the sound discretion of the trial judge 'whenever facts are presented which convince the trial judge that the juror's ability to perform [her] duty as a juror is impaired.'"  *Fajardo*, 787 F.2d at 1525 (quoting *United States v. Smith*, 550 F.2d 277, 285 (5th Cir. 1977)); *see also United States v. Augustin*,  661 F.3d 1105, 1129 (11th Cir. 2011) (per curiam) ("A district court's

2

decision to remove a juror is reviewed for abuse of discretion.").  Absent a showing of bias or prejudice to the defendant, we will not disturb the district court's decision.  *See United States v. De La Vega*, 913 F.2d 861, 869 (11th Cir. 1990).  "[P]rejudice includes discharge of a juror without factual support or for a legally irrelevant reason."  *Id.* (internal quotation marks omitted).  It is not necessary that a defendant consent to the court's replacement of a juror with an alternate—"reasonable cause for the replacement" is all that is required.  *See Fajardo*, 787 F.2d at 1526.

Here, the district court did not abuse its discretion in excusing the subject juror.  The district court's concern that the juror could not be fair and impartial in Bryant's case was reasonable, *see id.*, based on the juror's statements (1) that she was never treated fairly by the justice system, including courts, lawyers, and law enforcement, (2) that evidence of fraudulent documents likely to be introduced at Bryant's trial would be painful for her, and (3) that whether her past experiences would affect her judgment would depend on what evidence was, in fact, presented at trial.  The juror's ability to serve impartially was certainly "less than clear," and the district judge's ultimate excusal of the juror was supported by a factual basis.  *See De La Vega*, 913 F.2d at 869.  Moreover, Bryant failed to show how the juror's excusal was prejudicial to her—indeed, she conceded that the juror's inclusion

3

more likely would have favored the government.  Accordingly, we affirm the district court's excusal of the juror and replacement with an alternate.

## II.

Bryant next contends that the district court erred in admitting evidence of her meeting with a tax preparer regarding a business tax return that was never filed, arguing that this evidence had no probative value, was not relevant to her intent to seek a false refund with respect to the individual tax return at issue, and thus did not meet the Federal Rule of Evidence 404(b) test.  *See United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008) (discussing Rule 404(b) standard).  Bryant further argues that her meeting with the tax preparer was not "inextricably intertwined" with the charged offense and that admitting evidence thereof was harmfully prejudicial.  *See id.* at 1269 (internal quotation marks omitted).  However, Bryant invited the alleged error and thus cannot challenge the admission of this evidence on appeal.

The doctrine of invited error applies when a party "induces or invites" the district court into committing error.  *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (internal quotation marks omitted).  When a party invites error, we are precluded from reviewing that error on appeal.  *See id.*  Although Bryant argued below that the evidence of her meeting with the tax preparer was not inextricably intertwined with the alleged offense, she conceded its admissibility

under Rule 404(b) by (1) requesting a Rule 404(b) instruction from the court, (2) introducing the evidence herself "to steal [the government's] thunder," and (3) using the evidence to argue to the jury that she was not guilty.  Thus, we affirm the district court's admission of evidence concerning Bryant's meeting with the tax preparer.

### III.

Bryant next argues that the district court erred in denying her Rule 29 motion for judgment of acquittal because the government had failed to produce evidence that a refund issued to Bryant by the Internal Revenue Service (IRS) was caused by Bryant's alleged false claim.  *See* Fed. R. Crim. P. 29.  According to Bryant, the government had not concluded its investigation as to why the IRS reissued a refund to her more than a year after the original refund check was returned and a criminal investigation was initiated.  Without such information, Bryant contends, denial of her Rule 29 motion was in error.

Ordinarily, we review de novo the district court's denial of a Rule 29 motion, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict.  *See United States v. Vernon*, 723 F.3d 1234, 1266 (11th Cir. 2013).  However, because Bryant is presenting her sufficiency of the evidence argument for the first time on appeal, we review the district court's decision for plain error.  *See United States v. Joseph*, 709

5

F.3d 1082, 1093, 1103 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 1273 (2014). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007) (internal quotation marks omitted). If the defendant demonstrates plain error has occurred, we may recognize the otherwise forfeited error, "but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted).

Under 18 U.S.C. § 287, it is unlawful to "make[] or present[] . . . to any department or agency [of the United States], any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent." To sustain a conviction for making a false claim under § 287, the government must prove:

> [1] That the defendant made or presented a false, fictitious, or fraudulent claim to a department of the United States;
>
> [2] That the defendant knew such claim was false, fictitious, or fraudulent;
>
> [3] That the defendant did so with the specific intent to violate the law or with a consciousness that what he was doing was wrong.

*United States v. Slocum*, 708 F.2d 587, 596 (11th Cir. 1983).

Here, the district court did not plainly err in denying Bryant's Rule 29 motion, despite the government's failure to explain the basis for the IRS's reissuance of her refund. The cause of the reissuance was not necessary to the

6

charge of false claims for which Bryant was convicted.  Moreover, an IRS agent testify that the IRS regularly issues refunds to taxpayers before verifying the fraudulent nature of individual claims.  Thus, it was not plain error to conclude that it was possible for a reasonable jury to find Bryant guilty of false claims beyond a reasonable doubt, even without knowing why the IRS decided to reissue the refund to Bryant after the criminal investigation against her had ensued.  Accordingly, we affirm the district court's denial of Bryant's Rule 29 motion.

## IV.

Finally, Bryant argues that the district court erred in imposing a higher sentence than it had originally intended based solely on her maintaining her innocence during her allocution.  Bryant contends that this was an improper basis upon which to sentence her to a longer term of imprisonment.

"[T]he familiar abuse-of-discretion standard of review . . . applies to appellate review of sentencing decisions."  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  A court abuses its discretion in imposing a sentence if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc); *see also United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008).  "The party challenging the sentence

7

bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

We review de novo whether the district court considered an impermissible sentencing factor. *See United States v. Stanley*, 739 F.3d 633, 652 (11th Cir.), *cert. denied*, 134 S. Ct. 2317 (2014). Although the district court may not consider a defendant's exercise of her Fifth Amendment rights, it may consider her lack of remorse, *see id.*, and disrespect for the law, *see* 18 U.S.C. § 3553(a)(2)(A). We have stated that where a defendant chooses to allocute at his sentencing hearing without pressure from the court and repeatedly denies any wrongdoing, the court is permitted to consider the defendant's freely offered statements indicating a lack of remorse in sentencing. *See Stanley*, 739 F.3d at 652. "Just as a jury weighs a defendant's testimony once he waives his Fifth Amendment privilege at trial, a judge may consider a defendant's freely offered allocution regarding remorse during sentencing." *Id.*

In the instant case, the district court did not err in considering Bryant's lack of remorse and her disrespect for the law evinced by her allocution in sentencing her to a term of imprisonment at the higher end of the Guidelines range. Her (1) repeated denial of guilt and blaming of others, (2) accusations against the court, law enforcement, and the government, and (3) threats to continue "screaming" and

8

"fight[ing]", all of which were freely made during allocution, demonstrated a lack of remorse, *see id.*, and showed a disrespect for the law, *see* § 3553(a)(2)(A).  The district court expressly stated that it made its determination not on account of Bryant's maintaining her innocence but out of a motivation to promote respect for the law.  *See id.*  The court also indicated that it gave due weight to the statements of the parties, the presentence report and Advisory Guidelines, and the § 3553(a) factors in determining Bryant's twenty-seven-month sentence—which was within the Guidelines and well below the statutory maximum.  *See* 18 U.S.C. § 287; *see also United States v. Hunt*, 526 F.3d 739, 745 (11th Cir. 2008) ("[W]e ordinarily expect a sentence within the Guidelines range to be reasonable." (internal quotation marks omitted)).

Accordingly, the district court did not err in considering Bryant's lack of remorse and did not abuse its discretion in sentencing her to twenty-seven-months' imprisonment.

**AFFIRMED.**