[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 08-12084 & 08-12085
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00021-CR-HL-7 & 96-00005-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE GATES, III,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(November 3, 2008)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

George Gates, III appeals his 21- and 24-month concurrent sentences

imposed after the revocation of supervised release. He contends that the sentences are unreasonable.

## I.

In March 1999 Gates was convicted of interstate travel or transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3)(A) based on his participation in a crack cocaine enterprise. He was sentenced to 48 months imprisonment, to be followed by a three-year term of supervised release. A couple of years later Gates was convicted of escape in violation of 18 U.S.C. §§ 751(a) and 4082(a) based on his unlawful absence from a halfway house where he was under supervised electronic monitoring. He was sentenced to 14 months imprisonment, to be followed by a three-year term of supervised release. As part of the sentence for both convictions, supervised release was imposed on the condition that Gates "not commit another federal, state or local crime."

In July 2006, while Gates was still under supervised release, he was arrested for selling cocaine in violation of the Georgia Controlled Substances Act. The next month, Gates was arrested for another violation of that Act, possession of cocaine. Gates' probation officer petitioned the district court for an arrest warrant, alleging that Gates had violated his supervised release and recommending that the court revoke Gates' terms of supervised release. The district court issued a bench

warrant for Gates' arrest.  On November 6, 2006, while Gates was being held in a Georgia county jail awaiting trial for the possession of cocaine charge, the United States Marshal Service notified the jail of a federal detainer on Gates based on charges that he had violated supervised release.  Gates was transferred to federal custody in March 2008, and the court appointed counsel to represent him.

The district court held a revocation hearing on April 10, 2008.  Gates informed the court that he had pleaded guilty to the sale of cocaine charge and that the possession charge had been dropped.  The court found that based on the sale of cocaine charge, Gates had violated the conditions of supervised release in each of the two underlying cases.  The court sentenced him to 21 months imprisonment for the racketeering charge and 24 months imprisonment for the escape charge, to run concurrently.  The court stated that "[t]he sentence as imposed is an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 U.S.C. 3553(a), and adequately addresses the totality of the circumstances."  After the sentence was imposed, Gates "renew[ed] [his] objection based on the calculations for the record."  Gates separately appealed both sentences, and on May 20, 2008, we ordered them consolidated.

## II.

Gates contends that his 21- and 24-month concurrent sentences are

unreasonable because the district court failed to properly consider relevant factors under 18 U.S.C. § 3553(a). The factors outlined in § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with necessary educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

Gates argues that his sentences are unreasonable because the district court failed to consider or give adequate weight to several factors. First, Gates argues that the district court failed to give adequate weight to three facts relevant to § 3553(a)(1): (1) the non-violent nature of his offenses; (2) the stability in his residence and marriage during his term of supervised release; and (3) the fact that he tested "negative" in administered drug tests. Second, Gates argues that with respect to § 3553(a)(2)(c), his eighteen month stay in county jail adequately protected society "to the extent that society needed protection." Third, Gates

4

argues that because §3553(a)(2)(D) requires the court to consider the need to provide the defendant with educational or vocational training or medical care, it should have placed more weight on the facts that: (1) Gates attempted to get his General Educational Development degree but was unable to finish; and (2) he had recently been diagnosed with tuberculosis. Finally, Gates argues that his sentences do not "promote respect for the law or a perception of fairness" as required by §3553(a)(2)(A) when considering two facts in conjunction: (1) his need to care for his seriously ill daughter; and (2) his eighteen month confinement in county jail.

"We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). A sentence may be procedurally or substantively unreasonable, Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 597 (2007), and to determine if it is either, we apply an abuse of discretion standard. United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The abuse of discretion standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Gall, 552 U.S. at __, 128 S.Ct. at 597. The party challenging the sentence has the burden of establishing unreasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

---

[1] The government argues that Gates failed to sustain his burden of proof in demonstrating that his sentences are unreasonable. The government also argues in the

5

**III.**

We must first consider whether Gates' 21- and 24-month concurrent sentences are procedurally unreasonable.[2] See Gall, 552 U.S. at __, 128 S.Ct. at 597. Based on Gates' arguments, two possible procedural errors are relevant here: (1) the district court failed to consider § 3553(a) factors and (2) the district court failed to adequately explain the sentence. See id. The district court made neither error.

The district court did not fail to consider the §3553(a) factors. The court was required to consider those factors in light of the facts presented and arguments made by the defendant at sentencing. See Gall, 522 U.S. at __, 128 S.Ct. at 596–97; Talley, 431 F.3d at 786. At the hearing the district court heard arguments relating to several facts that Gates once again asserts were improperly weighed: (1) that he was in state custody for eighteen months and under federal detainer for

---

alternative that Gates failed to preserve his objection as to reasonableness during the hearing because his counsel renewed an objection to the sentences only "based on the calculations." Objections or arguments not raised in the district court are reviewed for plain error. See United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007). Because we conclude that Gates does not meet his burden of proof under the reasonableness standard, it is unnecessary to consider whether the more stringent plain error standard should apply.

[2] Gates does not challenge the district court's revocation of his separate terms of supervised release or its calculation of the appropriate guidelines ranges for sentencing upon revocation. Thus, we accept the district court's calculation of Gates' guidelines ranges at 15-21 months imprisonment for the racketeering case and 24 months imprisonment, the statutory maximum, for the escape case.

6

sixteen of those months; (2) that he had a stable home and was married; (3) that he came close to getting his GED; (4) that he suffered from a serious illness; and (5) that his daughter suffered from a serious illness.[3] The district court considered those facts and weighed them.

The district court did not consider arguments regarding Gates' allegedly negative drug tests or the non-violent nature of his crimes because Gates did not make those arguments. The district court was not required to raise those arguments for Gates. See Gall 552 U.S. at __, 128 S. Ct. at 599 (holding that "it [is] not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative").

The district court adequately explained how it arrived at Gates' sentences. In announcing the sentences, the court explicitly confirmed that its decision was "appropriate," that it complied with the §3553(a) factors, and that it addressed the totality of the circumstances. In announcing a sentence, the district court need not discuss each § 3553(a) factor. See Talley, 431 F.3d at 786. Nor is it required to "explicitly articulate that it ha[s] considered the § 3553(a) factors," United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007), although it did so here. The Supreme

_____

[3] The district court also heard arguments that Gates: (1) accepted responsibility for his violations of supervised release; (2) generally complied with the terms of his supervised release; (3) had a steady job; (4) "served nine months more than he should have" for his federal crack cocaine offense because of recent changes in the law; and (5) was incorrectly assigned three more criminal history points than he deserved.

7

Court has held that a lengthy discussion is not required in the typical case, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468 (2007). The district court has set forth enough to satisfy us. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that a district court's statement that it had considered the defendant's arguments and the § 3553(a) factors was "sufficient in post-Booker sentences").

We next consider whether Gates' sentences are substantively unreasonable. In considering the substantive reasonableness of a sentence, "we may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). In other words, if the district court made a clear error in judgment in weighing the factors, we will remand for re-sentencing. Id. This is not that kind of case.

We ordinarily expect that sentences that are within the guidelines range will be substantively reasonable. See Talley, 431 F.3d at 788. Gates' sentences are within the guidelines range, and none of his arguments related to the § 3553(a) factors convinces us that the district court made a clear error of judgment resulting in an unreasonable sentence. Gates' argument that the district court did not

8

adequately consider the sixteen months he spent in county jail while the federal detainer and supervised release violations against him were pending could be read as an attack on the substantive reasonableness of his sentences. However, this argument fails.

First, the record demonstrates that the district court considered that factor because Gates raised it at the hearing. Second, the district court's decision not to credit Gates with the time spent in county jail awaiting trial on one of his state drug charges is consistent with the policy set forth in the sentencing guidelines that a sentence imposed after revocation of supervised release should run consecutive to imprisonment already being served. United States Sentencing Guidelines § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

U.S.S.G. § 7B1.3(f). Thus, the district court did not abuse its discretion or commit a clear error in judgment in declining to reduce Gates' sentences based on his stay in county jail on state charges.

Gates' 21- and 24-month concurrent sentences were procedurally and substantively reasonable.

**AFFIRMED.**

9