[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12888
Non-Argument Calendar

_____

D. C. Docket No. 93-00473-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY DELANEY HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 30, 2009)**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ricky Delaney Harris appeals the district court's order revoking his

supervised release and sentencing him to 24 months imprisonment. The district court found that Harris violated his supervised release when he burglarized Charles Mosby's house. Harris contends that the government's evidence failed to establish conclusively that he entered Mosby's house—a required element of burglary under Georgia law—as neither Mosby nor the police officer arriving on the scene, Milton Latcher, testified to seeing Harris in the house. Harris argues that the court violated his due process rights by refusing to allow him to test the weight and sufficiency of the government's evidence. He also challenges his sentence as procedurally unreasonable because the district court focused exclusively on the nature of the offense, did not consider other 18 U.S.C. § 3553(a) factors, and refused to hear mitigation evidence when imposing his sentence. We affirm.

**I.**

We review the district court's decision to revoke supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). The district court's findings of fact made at the revocation proceeding are binding and will not be overturned unless they are clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). We cannot find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal

quotation marks omitted). "The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). "Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release" and require the defendant to serve prison time. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

At the revocation hearing, Officer Latcher testified that when he responded to Mosby's 911call he saw Harris walking away from the porch of the Mosby house with a window screen trapped on his left arm. He also noted that Harris was shoeless and had multiple puncture wounds on his bare feet. Mosby testified that he heard the intruder roaming around the house as he hid in his bedroom, later found bloody footprints throughout his home, and saw police apprehend Harris in his front yard after a 911 dispatcher told him it was safe to come outside.

Latcher's and Mosby's testimony was sufficient, if believed, to establish that Harris was inside Mosby's house, and the district court's decision to credit their testimony was not clear error. Nothing in the record creates a definite and firm conviction that any of the district court's findings were erroneous. Moreover, because the court permitted Harris to cross-examine the government's witnesses,

3

make a statement and argument, and present evidence and testimony, his due process rights were not violated. Accordingly, the district court was well within its discretion to revoke Harris' supervised release based on its finding that Harris burglarized Mosby's home.

## II.

We review sentencing decisions for abuse of discretion using a two-step process, looking first to whether the district court committed a procedural error such as incorrectly calculating the guidelines, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based on clearly erroneous facts, or failing to explain the chosen sentence adequately. Gall v. United States, 552 U.S. at __, 128 S. Ct. 586, 597 (2007). If we find the sentence procedurally sound, we then consider its substantive reasonableness under the totality of the circumstances. Id. Harris sufficiently argues only procedural error—that the district court failed to consider all of the § 3553(a) factors and instead focused exclusively on the nature of the offense—and he raises that argument for the first time on appeal. Where a defendant does not present an argument or objection to the district court, our review is only for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007).

A district court may revoke a term of supervised release and impose a

sentence of imprisonment under § 3583(e) after considering the factors set forth in § 3553(a). See 18 U.S.C. § 3583(e). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–. . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . [treatment] . . .; (4) the kinds of sentence and the sentencing range . . .; (5) any pertinent policy statements . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Id. § 3553(a). However, the district court is not required to discuss each § 3553(a) factor. United States v. Dorman, 488 F.3d 939, 944 (11th Cir. 2007). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and we will not remand for resentencing unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).

Contrary to Harris' contention, the district court considered more than just the underlying crime in determining his sentence. In addition to the offense conduct, the court noted Harris' "long conviction record," which included armed robberies and other violence; his unwillingness to apologize for his wrongdoing;

5

his belief that he was always "aggrieved in some fashion;" his inability "to follow the rules;" and the fact that he was "very dangerous." The court's discussion of these factors provided a clear review of the nature and circumstances of the offense, Harris' history and characteristics, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from Harris' further crimes. Although Harris testified that he had learned to accept responsibility for his actions, the district court was entitled to place great weight on the other factors and to determine that they outweighed Harris' newfound sense of accountability.

Finally, Harris argues that the district court erred by not allowing him to present mitigation evidence that might have affected his sentence. The record demonstrates, however, that the court offered Harris additional time to be heard. Harris declined this opportunity. While the record may support an inference that the district court was impatient or displeased with Harris' testimony, which the court considered perjurous, the court nonetheless met its obligation to Harris by offering him time to present his evidence. Harris' choice to forgo that time, based on his belief that he could not change the court's decision, was his and his alone. The district court did not err in sentencing Harris to 24 months imprisonment.

**AFFIRMED.**