[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15346
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00145-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 4, 2009)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Edward Mitchell appeals from his 12-month sentence imposed pursuant to 18 U.S.C. § 3583(e), after he violated four conditions of his supervised release, including failing to submit monthly reports, not contacting his probation officer, not meeting with probation officer, and not paying a special assessment

fee. On appeal, Mitchell argues that the district court: (1) erred by failing to make explicit findings that he willfully refused to pay the special assessment fee before revoking his supervised release; and (2) abused its discretion by sentencing him above the advisory guideline range to 12 months' imprisonment. After careful review, we affirm.

A district court's revocation of supervised release is normally reviewed for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). The district court's findings of fact are binding unless clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). Where a defendant does not present an argument and objection to the district court on an issue, however, we review only for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir.), cert. denied, 128 S. Ct. 257 (2007). To establish plain error, a defendant must show there is an error, that is plain, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. We review a district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, for abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). A sentence imposed upon revocation of supervised release is reviewed for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

2

First, we reject Mitchell's claim -- raised for the first time on appeal, and therefore reviewed for plain error -- that the district court plainly erred by failing to make explicit findings that Mitchell willfully refused to pay the special assessment fee before revoking his supervised release. Under 18 U.S.C. § 3613A,

> Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release, . . . resentence a defendant pursuant to section 3614, . . . or take any other action to obtain compliance with the order of a fine or restitution.
>
> In determining what action to take, the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution.

18 U.S.C. § 3613A(a)(1), (2). A district court can revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3).

We recognize that the Supreme Court has found that depriving a person of freedom simply because he cannot pay a fine based on no fault of his own is contrary to the fundamental fairness required by the Fourteenth Amendment. Bearden v. Georgia, 461 U.S. 660, 672-73 (1983) (in the context of revocation of probation). In Bearden, the Supreme Court held that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the

reasons for the failure to pay." Id. at 672. The Court concluded that if a probationer "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment . . . ." Id. If, however, the "probationer could not pay despite sufficient bona fide efforts . . . the court must consider alternate measures of punishment other than imprisonment," and if those alternatives are not adequate, only then may the court imprison a probationer for non-payment. Id. We have interpreted Bearden to require a sentencing court to determine (1) whether the defendant made a bona fide effort to pay and (2) if the defendant made such an effort and still cannot comply, whether alternative measures of punishment are available. United States v. Satterfield, 743 F.2d 827, 842 (11th Cir. 1984).

As the record here shows, aside from his special assessment fee violation, Mitchell pled guilty to three other violations he does not dispute on appeal that would have provided a sufficient basis for revoking his supervised release without an inquiry into his willfulness, pursuant to 18 U.S.C. § 3583(e). But in any event, assuming arguendo that § 3613A applies to special assessments and the district court needed to consider Bearden, the district court heard testimony from Mitchell that "had he just paid it and put a dollar away each day while he was out, this

4

wouldn't . . . have been an issue," and that he "should have probably taken care of [the fee] first." Moreover, although the district court did not explicitly state that Mitchell's behavior was willful, it did find that Mitchell made a mockery of supervised release. The record thus reveals that the district court implicitly found Mitchell's failure to pay to be willful and that Mitchell did not make a bona fide effort to acquire resources to pay the fee. As a result, the district court did not plainly err in revoking Mitchell's supervised release for failing to pay the special assessment fee.

We likewise find no merit in Mitchell's argument that the district court abused its discretion in sentencing him to 12 months' imprisonment. When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medial care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. See 18 U.S.C. §

3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). We will not remand for resentencing unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors . . . ." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks and citation omitted).

As relevant here, a district court may not sentence a defendant for a Grade C felony for more than two years' imprisonment upon revocation of supervised release. 18 U.S.C. § 3583(e)(3). Chapter Seven of the Sentencing Guidelines recommends a sentencing range of four to ten months for a Grade C violation of supervised release when the defendant has a criminal history of II. U.S.S.G. §§ 7B1.1, 7B1.4. We have held that the policy statements in Chapter Seven are merely advisory and not binding, but the district court is required to consider them. Silva, 443 F.3d at 799.

On this record, Mitchell's sentence is procedurally reasonable, as the record reveals that the district court adequately considered the advisory guidelines and the § 3553(a) factors and concluded that a sentence within the guideline range was not adequate. Specifically, the district court analyzed Mitchell's history, including the

6

fact that he had previously spent time in a halfway house for violating conditions of his supervised release, as well as the nature and circumstances of the violations, and the need for the sentence imposed to reflect the seriousness of the violations, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(1), (2)(B)-(C). In addition, Mitchell's 12-month sentence was within the statutory maximum sentence. See 18 U.S.C. § 3583(e).

Mitchell's sentence is also substantively reasonable. Even though Mitchell had previously spent six months in a halfway house for violating the terms of his supervised release, upon release, he continued to commit new violations. The district court further noted that Mitchell was offered help by his probation officer, but chose not to report to his probation officer and made a mockery of supervised release. In light of Mitchell's conduct while on supervised release, including his failure to follow his probation officer's instructions on multiple occasions and failure to submit reports, he did not satisfy his burden of showing that the sentence was unreasonable, and the district court did not abuse its discretion in imposing a sentence that exceeded the advisory guideline range. Accordingly, we affirm Mitchell's 12-month sentence.

**AFFIRMED.**