[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11303
Non-Argument Calendar

_____

D. C. Docket No. 98-00362-CR-5-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD SHOWERS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 22, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Richard Showers Jr., proceeding *pro se*, appeals the partial denial of his

18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the U.S. Sentencing Guidelines. After Showers moved for a sentence reduction, the district court granted the motion and resentenced him at the low end of the amended guideline range. On appeal, Showers argues that the district court erred by declining to grant him a reduction below the amended guideline range under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and by sentencing him based on an erroneous drug quantity that was not supported by the trial evidence, was not reasonably foreseeable, and was outside the scope of the conspiracy.

## I.

Showers first argues that the district court erred by declining to grant him a reduction below the amended guideline range under *Booker*.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). However, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).

A district court may not modify a term of imprisonment once it has been

imposed, except where expressly permitted by statute or by FED. R. CRIM. P. 35.

18 U.S.C. § 3582(c)(1)(B). One such statutory exception to this general rule is

§ 3582(c)(2), which allows a district court to reduce a defendant's sentence when a

change in the guidelines reduces his applicable guideline range. § 3582(c)(2). In

considering a § 3582(c)(2) motion, the district court must engage in a two-part

analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the

court recalculates the sentence under the amended guidelines, changing only that

which was changed by the amendment. *Id.* The court then makes a discretionary

decision whether to impose the amended sentence or retain the original sentence.

*Id.* at 781.

On November 1, 2007, the Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 706 (2007). The effect of

Amendment 706 is to provide a two-level reduction in base offense levels for

certain crack cocaine offenses. *See id.* The Commission made this amendment

retroactively applicable, effective as of March 3, 2008. *See* U.S. SENTENCING

GUIDELINES MANUAL app. C, Amend. 713 (Supp. May 1, 2008) (listing

Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable

amendment).

3

Under § 3582(c)(2), a sentencing reduction must be consistent with the Commission's policy statement, which is found at § 1B1.10. 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2) provides:

(2) Limitations and Prohibition on Extent of Reduction.--

(A) In General.–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception.–If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2) (made effective on March 3, 2008 by Amendment 712).

In separate majority opinions, the Supreme Court in *Booker* issued both a constitutional and a remedial holding. With respect to the former, the Supreme Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to

4

a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S. Ct. at 756. The Court concluded that this constitutional holding was incompatible with the mandatory nature of the guidelines. *Id.* at 245, 125 S. Ct. at 756. Therefore, in its remedial opinion, the Court excised, *inter alia*, 18 U.S.C. § 3553(b)(1), which had made the guidelines mandatory. *Id.* at 258-60, 125 S. Ct. at 764-65.

Concluding that *Booker* does not apply to § 3582(c)(2) proceedings, we recently held that *Booker* does not prevent the Sentencing Commission from limiting a judge's discretion in reducing a sentence under § 3582(c)(2). *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009) (per curiam), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664).

Because our decision in *Melvin* prohibited the district court from reducing Showers' sentence below the amended guideline range, the court did not err by declining to do so. In other words, the district court was not authorized to impose a sentence lower than 135 months, because that was the low end of the amended guideline range.

## II.

Showers also argues that the district court erred by sentencing him based on an erroneous drug quantity that was not supported by the trial evidence, was not reasonably foreseeable, and was outside the scope of the conspiracy.

5

Objections or arguments not raised in the district court are reviewed for plain error. *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007). Under plain error review, we may reverse only if there is (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *Id.* Moreover, even if the first three conditions are met, we only may exercise our discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As discussed above, when considering a § 3582(c)(2) motion, the district court must engage in a two-part analysis. *Bravo*, 203 F.3d at 780. The first step requires the court to recalculate the sentence under the amended guidelines, changing only that which was changed by the amendment. *Id.* "All other guideline application decisions made during the original sentencing remain intact." *Id.*; *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1). As noted above, we recently held that *Booker* does not prevent the Sentencing Commission from imposing limitations on a judge's discretion in reducing a sentence under § 3582(c)(2). *Melvin*, 556 F.3d at 1192.

The district court was required to recalculate Showers's sentence, changing only that which was changed by Amendment 706. Accordingly, the district court did not err, much less plainly err, by declining to reconsider the drug quantity it

used to calculate Showers's base offense level.

## CONCLUSION

Upon review of the record and consideration of the parties' briefs, we find no reversible error.

**AFFIRMED**.