[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

No. 08-14363
Non-Argument Calendar

_____

D. C. Docket No. 04-00077-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ESTER ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2009)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Maria Ester Ortiz appeals the denial of her motion for a sentence reduction,

under 18 U.S.C. § 3582(c)(2).  After a thorough review of the record, we affirm.

Ortiz pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841.[1]  In determining the appropriate guidelines range, the district court concluded that Ortiz qualified as a career offender under U.S.S.G. § 4B1.1 and calculated her adjusted offense level under the career-offender guideline rather than the guidelines applicable to drug offenses. The court then granted a downward departure in Ortiz's criminal history category, finding that the category over-represented Ortiz's criminal history.  Based on its rulings at sentencing, the court determined the guidelines range was 168 to 210 months' imprisonment and imposed a sentence of 168 months' imprisonment.

Ortiz subsequently filed a motion for reduction of sentence, § 3582(c), relying on Sentencing Guidelines Amendment 706, which permits courts to reduce sentences calculated pursuant to crack cocaine guidelines.  The district court denied Ortiz's motion, finding that she was ineligible for a reduction because she was sentenced as a career offender under U.S.S.G. § 4B1.1 and thus her guidelines range had not been lowered by the amendment.  This appeal followed.

Ortiz argues that the district court erred in finding that she was ineligible for a reduction where she was granted a downward departure because her criminal

---

[1]  The court noted that the offense involved both crack and powder cocaine.  The indictment, however, did not charge Ortiz with a crack cocaine offense.

2

history category over-represented her criminal history. She also argues, for the first time on appeal, that it is unclear whether the district court originally sentenced her as a career offender or under the guidelines applicable to drug offenses.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). However, objections or arguments not raised in the district court are reviewed for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007). Under plain-error review, we may reverse only if there is (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. Id. Moreover, even if the first three conditions are met, we may only exercise our discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court recalculates the sentence under the amended guidelines, changing only that which was changed by the amendment. Id. The

3

court then makes a discretionary decision as to whether to impose the amended sentence or retain the original sentence. Id. at 781.

Upon review, the record reflects that the district court sentenced Ortiz under the career offender guidelines rather than the guidelines applicable to drug offenses. Moreover, because Ortiz was sentenced based on the career-offender offense level, she was ineligible for a sentence reduction under Amendment 706. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009 (No. 08-8554)) (holding that the district court does not have the authority to reduce the sentence of a defendant who was sentenced as a career offender under U.S.S.G. § 4B1.1).

**AFFIRMED**.