[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16575
Non-Argument Calendar

_____

D. C. Docket No. 07-60285-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYANT EUBANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 19, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Bryant Eubanks appeals his 188-month sentence imposed after he pled

guilty to violating 21 U.S.C. § 841(a)(1), which prohibits possessing with intent to distribute 5 or more grams of cocaine base. Eubanks raises two issues on appeal. First, he argues that his Florida state convictions for robbery, attempted robbery, and escape should count as only one conviction under the career offender guideline. Second, he argues that the district court erred by failing to identify the predicate offenses that it relied on to find that he qualified as a career offender. Both arguments fail. We address each in turn.

I.

Eubanks was convicted in Florida of robbery, attempted robbery, and escape. He argues that the three convictions count as only one under the Florida habitual offender statute because he was sentenced on all three offenses simultaneously. Consequently, he argues, the offenses should count as only one conviction for career offender purposes.

We "review[] the district court's application and interpretation of the sentencing guidelines under the *de novo* standard of review . . . ." *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002) (citation omitted). "We review for clear error a factual finding that prior convictions are unrelated . . . , but we review *de novo* a district court's determination of whether two crimes constitute two separate felonies . . . ." *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006)

2

(citations omitted). We review for plain error objections or arguments not raised in the district court. *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007) (citation omitted).

> To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*Id.*

"Federal law, not state law, controls the application of the Sentencing Guidelines." *United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003) (citation omitted). The U.S. Sentencing Guidelines provide that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2008). Section 4B1.2(c) states that "'two prior felony convictions' means . . . the sentences for at least two of the . . . felony convictions are counted separately under . . . § 4A1.1(a), (b), or (c)." *Id.* § 4B1.2(c). Section 4A1.2(a)(2) states that

> [i]f the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed

3

for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

*Id.* § 4A1.2(a)(2) (citation omitted).

Eubanks argued before the district court that he should not be classified as a career offender. But he failed to argue that Florida law should control the issue until filing his initial brief now before us. Consequently, his state-law argument will be reviewed for plain error.

Eubanks was arrested for robbery on October 22, 1993, attempted robbery on October 22, 1995, and escape on December 11, 1995. He was convicted of robbery and escape on August 12, 1996 and attempted robbery on August 26, 1996. Since those three offenses were separated by intervening arrests, the district court properly counted separately the sentences imposed for Eubanks' convictions for those offenses. Therefore, it did not plainly err by concluding that Eubanks qualified as a career offender under the U.S. Sentencing Guidelines.

## II.

Eubanks next argues that the district court erred by not identifying the predicate offenses it used to determine that he was a career offender. He submits

4

that his crime of escape may no longer be a crime of violence in light of *Begay v. United States*, 553 U.S. __, 128 S. Ct. 1581 (2008), and *Chambers v. United States*, 555 U.S. __, 129 S. Ct. 687 (2009). He argues that we should remand for a finding of whether his escape offense was used to determine that he was a career offender.

Ordinarily, we review *de novo* "the district court's decision to classify a defendant as a career offender . . . ." *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006) (citation omitted). Our review here is for plain error, however, because Eubanks did not raise this issue before the district court. The court sufficiently identified Eubanks' robbery, attempted robbery, and escape as the predicate offenses on which it relied to conclude that Eubanks was a career offender. Even if Eubanks' escape conviction was not a crime of violence, he still had the required two predicate felony convictions to qualify as a career offender. Thus, the district court did not plainly err by finding that Eubanks qualified as a career offender. We affirm Eubanks' 188-month sentence.

**AFFIRMED.**