[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12370
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60284-JIC-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE HOLSTON,
a.k.a. Smurf,
a.k.a. Deon Render,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Holston appeals his convictions and sentences for conspiracy to commit sex trafficking of minors and sex trafficking of minors.  On appeal, Holston argues that the district court erred when it admitted Holston's statements to a fellow inmate as statements in furtherance of the conspiracy, when it awarded a four-level enhancement in Holston's total offense level for three additional victims under U.S.S.G. § 1B1.3, and when it awarded him a two-level enhancement because the offense involved an unusually vulnerable victim under U.S.S.G. § 3A1.1(b)(1).  Upon review of the record and consideration of the parties' briefs, we affirm.

I.

Holston first argues that the district court erred when it admitted Holston's statements to a fellow inmate that he and his co-conspirators intended to kill the victim who planned to testify at his trial, on the ground that it was in furtherance of the conspiracy.  He contends that the conspiracy ended when he was arrested, and so statements made while he was incarcerated cannot be considered in furtherance of the conspiracy.

We review a district court's rulings on evidentiary issues for clear abuse of discretion.  *United States v. Sterling*, 738 F.3d 228, 234 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 2682 (2014).  Objections or arguments that are not raised at the district court are reviewed for plain error.  *United States v. Evans*, 478 F.3d 1332,

2

1338 (11th Cir. 2007). To establish plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. *Id*. If all three conditions are met, we may exercise our discretion to recognize the error, if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An opposing party's statement is not hearsay if it was made by the party in an individual capacity or was made by the party's co-conspirator during and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(A), (E).

Because Holston did not raise this objection in the district court, we review it only for plain error. The district court did err in determining that the statements were admissible as statements of a co-conspirator, because the statements were not made by a co-conspirator; rather, the challenged statements were made by Holston himself. As such, they were admissible as statements of a party opponent. Fed.R.Evid. 801(d)(2)(A). Thus, the district court's error did not affect Holston's substantial rights.

## II.

Holston next argues that the district court erred when it awarded a four-level enhancement in Holston's total offense level for three additional victims, under U.S.S.G. § 1B1.3. Holston contends that the evidence in this case established that each co-conspirator managed his own business, and therefore, there was no jointly undertaken criminal conspiracy. Furthermore, the district court was required to

first determine the scope of criminal activity that each defendant agreed to undertake, before determining whether the conduct of others was in furtherance of that joint criminal activity and reasonably foreseeable to Holston in connection with the joint criminal activity, which the district court did not do.

We review a district court's factual findings for clear error and its application of the guidelines to those facts *de novo*. *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005). Sentencing guideline errors are subject to harmless error review. *See United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006).

Section 1B1.3(a)(1)(B) of the Guidelines states that the base offense level, specific offense characteristics, and adjustments shall be determined, in the case of a jointly undertaken criminal activity, on the basis of all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. The application notes to § 1B1.3 require courts to first determine the scope of the criminal activity the particular defendant agreed to jointly undertake; and the scope of the specific conduct and objectives embraced by the defendant's agreement. U.S.S.G. § 1B1.3, cmt. (n.2). In making this

4

determination, the court may consider any explicit or implicit agreement fairly inferred from the conduct of the defendant and others. *Id.*

The district court's finding that Holston was accountable for all four victims is a finding of fact that we review for clear error. Several witnesses testified at trial that the prostitution ring was a group enterprise, and each co-conspirator assisted the others with their portion of the business. Therefore, the district court's finding that Holston was accountable for four victims was not clearly erroneous.

## III.

Finally, Holston argues that the district court erred when it awarded him a two-level enhancement because the offense involved an unusually vulnerable victim, under § 3A1.1(b)(1). Holston states that the enhancement only applies where the defendant targeted the victim based on the characteristics that made the victim vulnerable. Furthermore, because Holston should only have been held accountable for T.C., the vulnerable victim analysis should only have been performed for her.

The district court's application of § 3A1.1 presents a mixed question of law and fact, which we review *de novo*. *United States v. Arguedas*, 86 F.3d 1054, 1057 (11th Cir. 1996). However, a district court's determination of a victim's vulnerability is a factual finding to which we give due deference. *Id.*

Section 3A1.1(b)(1) states that if the defendant knew or should have known that a victim of the offense was a vulnerable victim, his sentence shall be increased by two levels. A vulnerable victim is a person who is (1) a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3, and (2) unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. U.S.S.G. § 3A1.1, cmt. (n.2).

Whether Holston targeted the victims based on the characteristics that made them vulnerable is a determination of fact, which we review for clear error. The district court found that Holston had targeted the victims for the characteristics that made them vulnerable, and so the district court made the appropriate finding.

**AFFIRMED.**