[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13399
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-61026-JIC,
0:13-cr-60284-JIC-3

ANDRE HOLSTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2019)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Holston is a federal prisoner currently serving a 30-year prison sentence for sex trafficking of minors and conspiracy to commit sex trafficking of minors. Proceeding pro se, he challenges the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence on the grounds that his counsel was ineffective for failing to adequately present a plea offer made by the government. We granted a certificate of appealability on the sole issue of whether the district court erred in denying Holston's claim without holding an evidentiary hearing. After reviewing the record and considering both parties' arguments, we affirm the district court's denial of Holston's claim.

Because we write for the benefit of the parties, we recount only the facts relevant in arriving at our decision. Holston, along with five co-defendants, was indicted by a federal grand jury in 2014 in a superseding indictment with conspiracy to traffic a minor for sex, in violation of 18 U.S.C. § 1594(c), and sex trafficking a minor, in violation of 18 U.S.C. § 1591(a). Prior to jury selection, Holston's attorney informed the court that the government had extended a plea offer to him, but that he had rejected it. He asked the court to colloquy Holston on his rejection of the plea offer "so it is on the record that [he] explained all that to him and he has rejected it." The district court declined to do so—it did, however, ask Holston to confirm that his attorney's representation was accurate, which he did.

2

Following a three-day trial, during which Holston steadfastly maintained his innocence, the jury convicted him on both counts. At the sentencing hearing, Holston again maintained his innocence. He stated that the charges were not "proven," that "there is basically no evidence linking me to this crime or conspiracy or anything," and that the government only "convince[d] the jury" that there was. The district court sentenced him to 360 months' imprisonment on each count, to run concurrently, followed by lifetime supervised release, and ordered restitution.

Holston timely appealed his conviction, raising three issues that are unrelated to his present appeal. We affirmed in an unpublished opinion. See United States v. Holston, 615 F. App'x 616, 616–19 (11th Cir. 2015). He did not petition the Supreme Court for a writ of certiorari.

On May 12, 2016, Holston filed a pro se habeas petition under 28 U.S.C. § 2255 in the instant case. In the attached memorandum of law, he requested an evidentiary hearing and raised five arguments, but only the fifth one—essentially, that his counsel only communicated the government's plea agreement to him only minutes before trial—is relevant to his appeal. The magistrate judge declined to hold an evidentiary hearing. It issued a report and recommendation that recommended both denying the petition in whole and not issuing a certificate of appealability. The R&R informed the parties of the time limit to file objections,

3

but did not inform them of the consequences on appeal for failing to object. Holston did not file any objections to the R&R, which was adopted in full by the district court.

Holston appealed to us. We issued a certificate of appealability solely on the question of whether the district court erred by failing to conduct an evidentiary hearing on the ineffective assistance of counsel alleged by Holston. We now answer that question in the negative and affirm.

The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA. McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014). A party who fails to object to a magistrate judge's findings or recommendations generally waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions, as long as the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

4

The district court is required to hold an evidentiary hearing on a motion to vacate if a petitioner alleges facts that, if true, would entitle him to relief, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Winthrop-Redin, 767 F.3d at 1216. "A petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Winthrop-Redin, 767 F.3d at 1216 (quotation marks, ellipsis, and brackets omitted). However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." Id. (quotation marks omitted).

To prevail on a claim for ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). The deficient performance prong requires a movant to show that counsel acted unreasonably in light of prevailing professional norms. Id. at 688. The prejudice prong requires a movant to show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

5

During plea negotiations, defendants are entitled to the effective assistance of counsel. Winthrop-Redin, 767 F.3d at 1219. The Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (quotation marks omitted). In order to establish prejudice, a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. (quotation marks omitted).

We note as an initial matter that, even though Holston failed to object to the magistrate judge's report and recommendation, we do not consider that silence to constitute a waiver. The report and recommendation did not inform the parties of "the consequences on appeal for failing to object," as 11th Circuit Rule 3-1 requires. We conclude, therefore, that Holston has not waived his challenge to the district court's factual findings and legal conclusions and that we may consider the merits of his arguments as though he had properly objected.

6

However, we conclude that its decision not to hold an evidentiary decision does not constitute abuse of discretion.  See Aron, 291 F.3d at 714 n.5.  We arrive at this conclusion because the motion filed by Holston, along with the record evidence he submitted, "conclusively show[s]" that he "is entitled to no relief."  28 U.S.C. § 2255(b).  Admittedly, the bar is set relatively low.  We construe pro se pleadings liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), and merely require that the petitioner allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief," Winthrop-Redin, 767 F.3d at 1216 (quotation marks, ellipsis, and brackets omitted).  But even against this forgiving standard, Holston's claim is insufficient.

We agree with the district court that Holston's claim is (1) riddled with internal inconsistency and (2) belied by the evidence in the record.  First, it is unclear, even from a liberal construction of Holston's filings, exactly what events he alleges occurred.  He first alleged that he lacked sufficient time to accept or reject the offer because his counsel only informed him of it five minutes prior to trial.  He modifies this allegation in his reply, this time alleging that his counsel failed to inform the government of his acceptance of the offer—which implies, of course, that he had actually timely received it, had time to process and consider it before accepting it, and was not "baffled" upon being told of it.  In the same reply, he reconstructs his allegation yet again, this time alleging that he would have

accepted the offer had his counsel not instructed him not to—which implies that he had <u>not</u> accepted the offer and would not have done so unless his counsel convinced him to.  In short, in a matter of just two pleadings, Holston alleged three different versions of the same facts, which ran the gamut of possible outcomes, each of which was mutually exclusive of the others.  We reject this sort of pleading and conclude that Holston failed to allege specific enough facts that would have entitled him to relief.  <u>Winthrop-Redin</u>, 767 F.3d at 1216.

Second, Holston's claim is inconsistent with the uncontroverted record evidence.  Holston does not actually contest the fact that, prior to trial, he admitted to the district court that his counsel had presented him with an offer that he rejected—a fact that is inconsistent with his allegations, regardless of which one we choose.  We also find it significant that Holston maintained his innocence throughout the trial and sentencing, which contradicts his implicit assertion that he <u>would have</u> accepted a plea had one properly been presented to him.  <u>Osley</u>, 751 F.3d at 1224.

Ultimately, we conclude that the district court did not abuse its discretion in not conducting an evidentiary hearing because Holston's claims were self-contradictory and inconsistent with the record.

**AFFIRMED.**